IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:05CR62 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| WESLEY PAPPAS, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is the Amended Report and Recommendation of Magistrate Judge F. A. Gossett (filing no. 34).[1]  In his Amended Report and Recommendation, Magistrate Judge Gossett recommends that this court grant the defendant's Motion to Suppress (filing no. 16) as to defendant's un-Mirandized statement, but that it be denied in all other respects.  The government and defendant object to the recommendations of Magistrate Judge Gossett (filings no. 36 and 37[2] respectively).  Pursuant to 28 U.S.C. §636(b)(1)(C) and NELR 72.4, the court has conducted a *de novo* review of the Amended Report and Recommendation and the record of proceedings before Magistrate Judge Gossett, including the transcript of the suppression hearing (filing no. 26).  For the reasons stated below, the court adopts the Magistrate Judge's Amended Report and Recommendation in its entirety.

---

[1] The Magistrate Judge previously filed a Report and Recommendation, filing no. 28.  However, at that time, a review of the record indicated that the Magistrate Judge's Report and Recommendation failed to address the Miranda issue raised by the defendant.  As a result, the court returned this case to the Magistrate Judge for further consideration.  See Filing No. 33.

[2] Previously, when the Magistrate Judge filed his Report and Recommendation (filing no. 28), the defendant objected with filing no. 29.  The defendant now – with the Magistrate's Amended Report and Recommendation – has renewed those objections with filing no. 38.  Defendant's renewed objections are the same as the previous ones with one exception – they do not have a Miranda objection.  This is because the Magistrate Judge, in his "Amended Report and Recommendation," has sustained that objection.  Defendant's objections to the Magistrate Judge's Report and Recommendation in filing no. 29 are, therefore, rendered moot.

**Background**

On the morning of January 3, 2005, while on patrol, Officer Adele Tomsu of the Omaha Police Department observed a familiar pickup truck parked in the front of an appliance store with its engine running. See Suppression Hearing Transcript at 5. Officer Tomsu recognized this truck and knew that the driver was the defendant, Wesley Pappas, because she previously had arrested him for driving the same truck while under suspension. Id. at 6. Tomsu also knew the defendant was a convicted felon. Id. at 7. Tomsu specifically remembered that because when she previously arrested the defendant, he had a document which indicated his release from the Florida State Penitentiary. Id. at 22. Tomsu remembered all these details about the defendant because in her last encounter with him she sustained injuries when the defendant tried to escape. Id. at 8 and 21. Because of those injuries, Officer Tomsu was unable to work for six weeks. Id. With all these details in mind, Officer Tomsu decided to wait until the defendant drove away. Id. at 10. While Tomsu waited, she obtained information, through her computer, to verify whether the defendant was still under suspension. Id. and at 29-30. Tomsu verified that indeed the defendant was still under suspension so she called Officer Nordby for back up. Id. After Nordby arrived, both officers watched and waited, in their respective cruisers, for the defendant to drive away. Id. at 12.

When the defendant drove away, the officers followed him. Id. at 12-15. However, the officers, did not turn their lights or their sirens on. Id. After a short time, the defendant stopped his car on a sidewalk. Id. and at 53-54. At that time, the officers stopped their cruisers, without blocking the defendant's truck. Id. at 15. Officer Tomsu then got out of her cruiser and told the defendant to get out of his truck. Id. The defendant complied and

2

Tomsu handcuffed and arrested him for driving under suspension. Id. at 16. Officer Nordby then patted down the defendant and found a bullet in his front pants pocket. Id. at 55. At that time, Nordby asked the defendant if he had a gun and he said *"no, that he found the round on the street."* Id. at 17. Neither officer, however, read the defendant his Miranda rights at this time. Id. at 23. Officer Tomsu and Nordby did not believe the defendant was telling the truth about the bullet because they had information that defendant was in possession of a gun.[3] Id. at 17-18. After handcuffing the defendant, Tomsu took him to the police department. Id.

Meanwhile, Officer Nordby remained at the scene with the defendant's truck and started the process necessary to impound it. Id. at 56 -59. During that process, Nordby searched the truck, including the passenger compartment of the truck, the bed of the vehicle, the driver's side compartment of the truck, and the hood engine compartment. Id. While looking at the engine, Nordby found a loaded gun with one bullet in the chamber. Id. All but one round in the magazine matched the round found in defendant's pants pocket. Id. Nordby also found some methamphetamine. Id. Nordby testified that he prepared a property sheet for all the items found in the truck as part of the process to have the truck impounded. Id. However, Nordby testified that the truck was never impounded because shortly before the tow truck arrived, defendant's mother showed up and the truck was released to her. Id.

---

[3] At the suppression hearing, Officer Tomsu admitted that the information she obtained regarding the gun, which she related to Nordby, was from an untested informant. See Transcript of the suppression hearing at 17-18.

3

Based on the facts mentioned above, the Magistrate Judge's Amended Report and Recommendation recommends denying the defendant's motion to suppress. The Magistrate found that: (1) the police had reasonable suspicion and probable cause to stop the defendant; (2) the defendant was properly arrested and handcuffed; and (3) there was no probable cause to search the defendant's truck, but that the search was nonetheless proper pursuant to an inventory. The defendant objects to each of these findings. The court, however, agrees with the Magistrate Judge.

In his Amended Report and Recommendation, the Magistrate Judge also made one more finding, that is, that the statements made by the defendant concerning the bullet found in his pocket be suppressed. The Magistrate Judge found that the defendant was in custody and that when he made this statements his Miranda rights had not been read. The government objects to this finding. The court, however, again, agrees with the Magistrate Judge. The court now turns to the examination of the Magistrate Judge's findings.

**Did the police have reasonable suspicion or**

**probable cause to stop the defendant?**

The Magistrate Judge found that the officers had both reasonable suspicion and probable cause to stop the defendant. The court agrees. As the Magistrate Judge noted, Officer Tomsu had a previous encounter with the defendant. This encounter happened six weeks earlier. At that time, she arrested defendant for driving under suspension, she injured her knee during the arrest because defendant tried to escape, and the officer was unable to work for six weeks as a result of the incident. When Tomsu was back on patrol,

4

she saw the defendant in front of a store siting inside his truck while the engine was running.  Having a recollection that she previously arrested the defendant for driving under suspension, officer Tomsu waited to see if defendant was going to drive away.  While the officer waited, she ran a check in her computer and confirmed that the defendant was still suspended.  After 15-20 minutes, the defendant drove away and the officer – along with another officer that she had called for backup – followed him.  When defendant stopped his truck, the officers parked their cruisers.  At that time, Officer Tomsu got out of her cruiser, approached the defendant's truck, and asked him to step out. Officer Tomsu then arrested the defendant.

Viewing these facts in their totality, the Magistrate Judge was correct in concluding that there was reasonable suspicion and probable cause to stop the defendant.  The defendant committed a traffic violation – driving while suspended – and the officers had both reasonable suspicion and probable cause to stop him.  See United States v. Barry, 98 F.3d 373, 376 (8th Cir. 1996) ("'a traffic violation – however minor – creates probable cause to stop the driver of the vehicle.'" (quoting United States v. Barahona, 990 F.2d 412, 416 (8th Cir. 1993)); and United States v. Magness, 69 F.3d 872, 874 (8th Cir. 1995) ("probable cause exists if the facts and circumstances within the arresting officer's knowledge were sufficient to warrant a prudent person's belief that the suspect had committed or was committing an offense." (citing Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964))).

### Was the defendant properly arrested?

Having determined that the defendant was properly stopped, the officers properly detained him.  As the Magistrate Judge noted, driving with a suspended license is a

misdemeanor in Nebraska and an officer – under Nebraska law – can arrest a person if the officer has probable cause to believe that a person committed a misdemeanor in his presence. See Neb. Rev. Stat. §60 -4, 108 (2) (2001) and §29-404.02(2)(d) (Reissue 1995). Consequently, the Officer's arrest was proper. Having arrested the defendant before and suffering an injury to her knee because the defendant tried to escape, the officer was also justified in handcuffing the defendant. See United States v. Navarrete-Barron, 192 F.3d 786, 791 (8th Cir. 1999).

### Was the search of the defendant's truck proper?

Although the Magistrate Judge concluded that the government did not establish that there was probable cause to search the defendant's truck, he concluded that the search was proper pursuant to an inventory search. After examining the totality of the circumstances – keeping in mind that the touchstone of the Fourth Amendment is reasonableness and that the defendant could not lawfully drive the car after he was arrested – the court determines that Officer Nordby properly, and pursuant to the Omaha Police Department's towing policy (Exhibit. 1), searched the truck in preparation to impound it. See United States v. Mayfield, 161 F.3d 1143 (8th Cri. 1998). The Magistrate Judge noted "I find credible the officers' testimony that the vehicle was searched at the scene because they intended to impound it." See Magistrate Judge's Amended Report and Recommendation at 14. True, the truck was eventually released to the defendant's mother before it was turned over to the tow truck driver or impounded. However, the record indicates – Exhibit 1 – that the police impound policy requires an inventory search before the vehicle is turned to the tow truck driver and that officer Nordby searched the

truck pursuant to that policy and in preparation to impound it. Accordingly, the search of the defendant's truck was proper.

## Should defendant's statement concerning the bullet found in his pocket be suppressed?

As noted by the Magistrate Judge, when the defendant was arrested and handcuffed, he was in custody. At that time, Officer Nordby patted down the defendant and found a bullet in his front pants pocket. Nordby then asked the defendant if he had a gun and the defendant responded "no," that he had found the round on the street. The court agrees with the Magistrate Judge that the question by Officer Nordby was one that the officer should have known that it was reasonably likely to elicit an incriminating response. Because the defendant had not been read his Miranda rights, the defendant's statement concerning the bullet found in his pocket should be suppressed. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct 1602, 16 L.Ed.2d 694 (1966).

Accordingly, after carefully conducting a *de novo* review of the entire record, the court finds and concludes that filing no. 34, the Amended Report and Recommendation of Magistrate Judge F.A. Gossett is accurate, complete and in accordance with applicable law. Consequently, the court finds and concludes that filing no. 34, the Amended Report and Recommendation of the Magistrate Judge, shall be, and hereby is adopted in its entirety.

THEREFORE, IT IS ORDERED:

(1) That filing no. 34, the "Amended Report and Recommendation" of Magistrate Judge F.A. Gossett is adopted in its entirety;

(2)  That filing no. 37, the "Renewed Statement of Objections to Magistrate Judge's Amended Recommendation," filed by the defendant is overruled;

(3)  That filing no. 36, the "Plaintiff's Statement of Objection to Magistrate Judge's Report and Recommendation," filed by the government is overruled; and

(4)  That filing no. 16, the "Motion to Suppress," filed by the defendant is granted, in part, and denied, in part.  The defendant's Motion to Suppress is granted **only** as to the defendant's statement concerning the bullet found on his person but the Motion to Suppress is denied in all other respects.

DATED this 18th day of July, 2005.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge